## DEVISE IN FEE SIMPLE MODIFIED BY SUBSEQUENT PROVISION.

Common Pleas Court of Hamilton County.

JOSEPH W. O'HARA, ADMINISTRATOR, v. CHARLES·PEIRANO ET AL.

Decided, February 13, 1909.

*Wills—Devise of Residue to Wife in Fee Simple—Made a Devise for Life with Authority to Consume by a Subsequent Provision—Word "Desire" Depositive, When—Lease Executed by Life Tenant Effectual After Her Death.*

1. Under a devise by a testator to his wife in fee simple, followed by a subsequent provision that "in case my wife should die leaving said estate unconsumed I desire that the same shall be distributed" in payment of certain legacies mentioned, the wife takes a life estate only but with the right to consume the estate in whole or in part during her life time.

2. The word "desire" as used in the phrase "I desire that the same [referring to the testator's estate] shall be distributed" is depositive and conveys a vested estate.

3. A widow under a devise of an estate for life with authority to consume the estate in whole or in part, has power to execute a lease which will be effectual after her death.

*J. W. O'Hara*, for plaintiff.
*Clore, Dickerson & Clayton*, for defendants.

SWING, J.

In this case I am called upon to construe the will of John Podesta, deceased, in certain respects.

The action is brought by plaintiff as administrator with the will annexed for a decree for the sale of real estate left by said John Podesta, deceased, for the payment of certain money legacies set forth in the third item of the will. This involves the question of the true intention of the testator as expressed in the second and third items of the will as read together.

The first item of the will provides for the payment of the just debts of the testator, and the erection of a monument to the memory of himself and wife to cost $500.

The second item of the will is as follows:

"Second. I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, to my wife, Mary Podesta, absolutely and in fee simple."

The third item is, in part, as follows:

"Third. In case my wife should die leaving said estate unconsumed I desire that the same shall be distributed as follows: To Caroline Peirona six thousand ($6,000) dollars," and then follow many other like legacies varying in amounts, to different persons, the money legacies amounting in all to about $15,000, the several legacies being for sums of $6,000, $1,000, $500, $100 and $50 respectively, there being several bequests of the said several sums below $6,000.

Mary Podesta, wife of the testator, died after the death of the testator and after the probate of the will.

It is claimed by certain of the defendants, the heirs at law of said Mary Podesta, wife of the testator, that by the true construction of the will the said Mary Podesta took the fee simple title to the real estate of the testator, which plaintiff seeks in this action to have sold for the payment of the money legacies set forth in the third item of the will, and that the real estate can not, therefore, be sold for the payment of said money legacies.

I am of opinion that this is not the true intention of the testator as gathered from the reading of all the items of the will together. I am of opinion that the intention of the testator was to give to his said wife, Mary Podesta, a life estate in his estate for her own life, with the right to consume the whole or a part of the estate during her life; and that if she left any part of the

estate unconsumed at her death, it should be devoted to the payment of the several money legacies.

Such construction I think is clearly in accordance with the manifest intention of the testator and in accordance with established rules of construction of wills. A contrary construction would mean that no effect should be given to the third item of the will. It is true that the second item purports to devise the estate to the wife "in fee simple." It is true also that the words "in fee simple" are not in themselves words of uncertain meaning. But technical legal expressions are sometimes used in wills with an incorrect idea of their meaning on the part of testator. It is also true that positive dispositions are sometimes made in one item of a will, and modified in subsequent items of the will.

In Redfield on Wills, Sec. 426, it is said:

"It seems clear that a technical construction of words and phrases, although *prima facie* the one which should prevail, will not be carried to the extent of defeating any obvious general intention of the testator, since wills are often prepared by those wholly unacquainted with the precise technical force of legal formulas, and who from a consciousness of such deficiency, often exert themselves to drag in such phrases, wherever they suppose they would probably have been adopted by an experienced draughtsman."

There have been many cases of the improper use in a will of legal terms which have a fixed, certain meaning.

In Redfield on Wills, 446, Sec. 445, it is said:

"The rule seems to be pretty clearly established that where the testator makes a general devise, or bequest, which would include the whole of the estate, and in other portions of the will makes specific dispositions, these shall be regarded as explanations, or exceptions, out of the general disposition; and it will not be important in such case whether the general or the special provisions come first in order, since, in either case, the general disposition will be regarded as made subject to the more specific ones."

These rules are supported by many authorities cited by counsel for plaintiff in his brief, in Ohio and elsewhere, and I take it are not doubtful. I can not disregard and treat as of no effect the words of the third item of the will:

"In case my wife should die leaving said estate unconsumed. I desire that the same shall be distributed as follows:" and the many specific legacies which then follow.

It is contended that the word "desire," in the third item of the will, is not clearly and conclusively dispositive; that it does not necessarily express a purpose of the testator which must be carried out to the extent of requiring a modification of the clearly expressed intention in the second item. This contention I think is not correct.

In the case of *Brasher* v. *March*, 15 Ohio St., 103, it is said in the syllabus:

"That the clause expressing the 'wish and desire' of the testator was dispositive in its nature, and gave a vested interest to all the children."

I do not think it necessary to quote other authorities in this connection. I think it clear from the will in this case that the word, "desire," as used by the testator, is dispositive.

Counsel on both sides have cited many authorities in their briefs on various phases of the questions submitted to me, but I do not deem it necessary to discuss or quote them further.

I am satisfied the construction of the will which I have stated at the outset of this opinion is according to the intention of the testator as it must be gathered from the whole will. A decree for sale may therefore be taken, as prayed for in the petition.

There is a lease which was given by said Mary Podesta, wife of testator, in her lifetime, which I will hold to be effectual, and the interests of the lessee, under the terms of his lease, will be protected, as I am disposed to hold that under the construction which I have given to the will, the said Mary Podesta had the power to execute the lease, and I understand that no serious contention is made as to that by counsel for any of the parties to the suit.